IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CORTEZ CODY,<br>individually and o/b/o all others,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE PROFESSIONALS,<br><br>Defendant. | Case No. 18-06025-CV-SJ-ODS |

<u>ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION TO COMPEL
ARBITRATION, AND (2) DENYING PARTIES' JOINT MOTION TO STAY AS MOOT</u>

Pending are Defendant's Motion to Compel Arbitration (Doc. #8), and the parties' Joint Motion to Stay Proceedings (Doc. #16). For the following reasons, Defendant's motion to compel arbitration is denied, and the parties' motion to stay is denied as moot.

I. BACKGROUND

In November 2017, Plaintiff applied to work for Defendant. Along with his application, Plaintiff signed an arbitration agreement. About a month later, he was assigned to work a facility that required Defendant to perform a background check on Plaintiff. Defendant discovered Plaintiff's application differed from information contained in the background check. Plaintiff was informed he could not return to work.

In January 2018, Plaintiff, individually and on behalf of others, filed a lawsuit in the Circuit Court of Clinton County, Missouri, alleging Defendant violated the Fair Credit Reporting Act ("FCRA") by, among other things, taking an adverse action against Plaintiff based upon a consumer report that contained misleading and inaccurate information. Defendant removed the matter to this Court, and now seeks to compel arbitration pursuant to the Federal Arbitration Act ("FAA").

II. DISCUSSION

The parties agree this Court's inquiry is limited to determining whether a valid agreement to arbitrate exists, and whether the specific dispute falls within the scope of

the agreement. Doc. #9, at 5; Doc. #13, at 2; *Pro Tech Indus. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). Absent an enforceable agreement to arbitrate a particular dispute, neither party can compel arbitration of that dispute. *See Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 911 (8th Cir. 2010) (citation omitted); *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 21 (Mo. Ct. App. 2008) (citations omitted). State law must be applied to determine if a binding agreement exists. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009); *Bank of Am.*, 618 F.3d at 911. The elements for a valid contract in Missouri[1] are offer, acceptance, and bargained for consideration. *Baier v. Darden Rests.*, 420 S.W.3d 733, 737 (Mo. Ct. App. 2014) (internal quotations and citations omitted). The party seeking to compel arbitration bears the burden of proving a valid and enforceable arbitration agreement exists. *Id.*

      Offer and acceptance require "mutual agreement." *Baier*, 420 S.W.3d at 738, 741. "A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time." *Id.* (internal quotations and citations omitted). In the case of a bilateral agreement, which contains mutual promises between two parties to the contract, the agreement "must be accepted by **both** parties for a contract to be formed." *Id.* (citation omitted) (emphasis in original).

      A party's signature remains a "common, though not exclusive, method of demonstrating agreement." *Morrow*, 273 S.W.3d at 22-23 (citations omitted); *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 134 (Mo. Ct. App. 2005) (stating "[a] signature is not required…to show mutuality or assent to the terms of a writing."). "Assent can be shown in other ways, such as by the parties' conduct." *Heritage Roofing*, 164 S.W.3d at 134 (citation omitted); *see also In re H&R Block Form 8863 Litig.*, No. 13-0422-FJG, 2014 WL 3401010, at * 2 (W.D. Mo. July 11, 2014) (concluding assent was shown by the defendant preparing and transmitting the plaintiff's tax return). "Whether an unsigned writing constitutes a binding contract depends upon the intention of the parties, which is a question of fact…." *Id.* (citation omitted); *see also Baier*, 420 S.W.3d at 738 (citation omitted).

---

[1] Both parties apply Missouri law. The Court will do the same.

Plaintiff signed an arbitration agreement when he applied for employment with Defendant. Doc. #9-1, at 8. Although there is a designated place for Defendant to sign, the arbitration agreement was not signed by a representative of Defendant. *Id.* at 8. Defendant argues the arbitration agreement is a valid and binding agreement, and its signature is not necessary for the agreement to be valid. Plaintiff argues the arbitration agreement is not enforceable because Defendant has failed to establish basic contract elements. The Court must determine whether Defendant made an offer to Plaintiff to enter into a bilateral contract, and whether Defendant intended to be bound by the agreement it did not sign. *See Baier*, 420 S.W.3d at 739.

Defendant relies on *Heritage Roofing, LLC v. Fischer* to support its argument that its signature on the arbitration agreement was not necessary.[2] Defendant argues its assent "was shown by presenting the Arbitration Agreement…to Plaintiff, and obtaining his signature, as well as [Defendant] thereafter employing Plaintiff." Doc. #14, at 3. But that argument is unlike *Heritage Roofing*, where, in response to a written proposal, the party said, "I approve it, I want you to go ahead and do the work." *Heritage Roofing*, 164 S.W.3d at 135. The Court is not persuaded that *Heritage Roofing* is instructive.

Plaintiff argues this matter is similar to *Baier v. Darden Restaurants*. Therein, the Missouri Court of Appeals affirmed the trial court's decision that an arbitration agreement was not enforceable when the agreement was not signed by the employer. As part of her employment, Baier signed an acknowledgment indicating she received and reviewed her employer's dispute resolution process, and agreed all disputes would be resolved through that process. 420 S.W.3d at 735. The acknowledgment also included a line for a company manager to sign, but no one signed the form on behalf of the company. *Id.* During her employment, Baier signed two additional acknowledgments. *Id.* In one, the line for a manager's signature was left blank, similar to the first acknowledgment. *Id.* In the other, the manager's signature line did not appear. *Id.* Upon conclusion of her employment, Baier filed a lawsuit against Darden Restaurants, and her former employer moved to compel arbitration. *Id.* at 736. The trial court denied the motion, and the matter was appealed. *Id.*

---

[2] Defendant also relies upon several cases from outside Missouri and the Eighth Circuit. But those cases do not analyze this particular issue under Missouri law.

The Missouri Court of Appeals found the acknowledgment and referenced dispute resolution policy "constituted a proposal to enter into a bilateral contract." *Id.* at 738. Because Darden Restaurants failed to sign the agreement, the trial court was tasked with determining whether Darden Restaurants "intended to be bound if the unsigned proposal [was] accepted by the offeree." *Id.* at 739 (citation omitted). But the only evidence establishing the employer's intent to be bound was the employer's "self-serving" claim that Baier's acceptance of the offer bound both parties. *Id.* The Court of Appeals decided the trial court was free to properly disregard "this self-serving claim." *Id.* Further, the employer did not offer any explanation for why the acknowledgment was not signed by a manager. *Id.* In making its determination, the Court of Appeals stated, "we are hard pressed to discern any purpose for placing a signature line for Darden…unless it was to require an authorized signature as a condition of mutual assent." *Id.*[3]

The facts before this Court are similar to the facts in *Baier*, and in that regard, *Baier* is instructive. Plaintiff signed an arbitration agreement. Although there was a line for one of Defendant's representatives to sign the agreement, no one signed it on behalf of Defendant. And Defendant offers no explanation for why one of its representatives did not sign the arbitration agreement. Regardless, Defendant's claim that it assented to the agreement (based upon its presentation of the arbitration agreement to Plaintiff, Plaintiff's signature, and Defendant employment of Plaintiff) is not conclusive, and if anything, is self-serving. Because there is no conclusive evidence of mutual assent to the arbitration agreement, the Court denies Defendant's motion to compel arbitration.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is denied. While Defendant's motion was pending, the parties filed a joint motion requesting a stay of the proceedings pending the Court's ruling on the motion to compel arbitration. The

---

[3] *See also Welk Resort Sales, Inc. v. Bryant*, No. 17-3197-SWH, 2018 WL 1309738, at *1-3 (W.D. Mo. Mar. 13, 2018) (finding there was a lack of conclusive evidence of mutual assent to an arbitration agreement when the moving party failed to produce an agreement signed by either party).

Court finds the motion is rendered moot.  The Court will issue its Scheduling and Trial Order, which will set deadlines for exchanging initial disclosures and submitting an agreed protective order.

IT IS SO ORDERED.

DATE: May 15, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT